UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| REEF MOUNTAIN LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>EDIMAX COMPUTER COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 5:16-cv-<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Reef Mountain LLC files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1.　Plaintiff Reef Mountain LLC is a Texas limited liability company with a principal office at 5570 FM 423, Suite 250-125, Frisco, Texas 75034.

2.　Defendant Edimax Computer Company is a California company with a principal office at 3350 Scott Blvd., Bldg.15, Santa Clara, California 95054.  Defendant may be served with process via Danny Hwang, 3350 Scott Blvd., Bldg.15, Apt. 5, Santa Clara, California 95054.

## JURISDICTION AND VENUE

3.　This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.　Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.　Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent

courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7. On August 7, 2012, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,239,481 (the "481 patent"), entitled "System and Method for Implementing Open-Control Remote Device Control."  A true and correct copy of the 481 patent is attached at Exhibit A.

8. Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 481 patent.

## THE ACCUSED PRODUCTS

9. Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 481 patent.

10. Defendant's Accused Products are: (1) IC-3210W Smart Wireless Portable Indoor Camera Battery Powered and 2 Way Audio, (2) IC-7112W 720p HD Pan and Tilt Wi-Fi network camera, (3) IC-7113W 720p HD Pan and Tilt Wi-Fi network camera, (4) IC-7001W Wireless Day & Night PT Network Camera, (5) IC-5150W Smart Full HD Wi-Fi Fisheye Cloud Camera with 180-Degree Panoramic View, and (6) IC-9110W HD Wi-Fi Mini Outdoor Network Camera with 139° Wide Angle View, Day & Night, each with EdiView II app on iPhone®, iPad® or Android® and 16 channel viewer software for computers.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,239,481

11. Plaintiff incorporates by reference each of its foregoing allegations.

12. Plaintiff conducted a pre-filing investigation, comparing the Accused Products to one or more claims of the 481 patent.

13. Based on Plaintiff's pre-filing investigation, without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 481 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

14. Defendant directly infringes at least claim 1 of the 481 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Products, which under claim 1 of the 481 patent provides a method for controlling devices (e.g., the Accused Products) in a computer system, the method comprising:

> obtaining a user selection (e.g., a live video feed selected by a user) of one or more of a plurality of networked devices (e.g., a plurality of networked Accused Products) to be manipulated from a user interface (e.g., via an interface application), wherein at least one of the plurality of networked devices requires device-specific protocol instructions that are different from protocol instructions required by at least one of the other plurality of networked devices (e.g., for accessing and communicating with the networked Accused Products, which are different models having their own identification requirements);
> 
> obtaining a user interface application corresponding to the selected one or more networked devices (e.g., the networked Accused Products have a user interface);
> 
> transmitting, to at least one user interface selection device (e.g., a smartphone, tablet, or computer), the user interface application corresponding to the selected one or more networked devices so that the user interface can be displayed on the at least one user interface selection device (e.g., the user interface is displayed on the smartphone, tablet, or computer);
> 
> obtaining a user selection of an operation corresponding to at least one selected networked device (e.g., a live video feed);

encoding the selected operation according to a standard communication protocol instruction (e.g., encoding the live video feed according to a wireless communication protocol);

transmitting the selected standard protocol instruction to a server corresponding to the selected networked device (e.g., the live video feed is transmitted from the Accused Products to a server); and

obtaining an output corresponding to the selected operation of the selected networked device (e.g., outputting a live video feed).

15. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Products infringe claim 1 upon a plain reading of this Complaint, the 481 patent, and claim 1.

17. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.  Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

18. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Products directly infringe one or more claims of the 481 patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 481 patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 15, 2016                    Respectfully submitted,

_____
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Reef Mountain LLC*